# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRYSON,<br><br>    Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, WARDEN,<br><br>    Respondent. | Case No. 1:14-CV-00710-SMS  (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS.<br><br>(DOC. NO. 1) |

    Petitioner William Bryson is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed and filed by Petitioner on June 5, 2014. *See* 28 U.S.C. 636(c)(1); Local Rule 305(b). Pending before the Court is the petition, filed on May 12, 2014 (Doc. 1).

**BACKGROUND**

    Petitioner alleges that he is in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary at Atwater, California, serving a criminal sentence. Petitioner alleges he has a "right for his person to be released from a cell in an unauthorized prison when Warden Copenhaver has the Petitioner's body in a 'check-in' unit." He challenges the BOP policy related to medical housing for sick inmates and its "check-in" processes related to receiving medical treatment.

1

Claims for relief set forth in the petition are vague, but Petitioner seems to claim that he was denied his right to medical attention. Petitioner cites no legal authority. Petitioner does not include a form petition pursuant to 28 U.S.C. § 2241. It is not clear to the Court whether Petitioner's list of medical needs is meant to serve as his prayer for relief.

## DISCUSSION

### I.   Screening the Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Jeffries v. Wood,* 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 cases in the United States District Courts (Habeas Rules) are applicable to habeas actions brought under Section 2241. *See* Rule 1(b), 28 U.S.C. foll. § 2254. Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez,* 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition: (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski,* 915 F.2d at 420 (quoting *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks,* 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the

petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; *see Herbst v. Cook,* 260 F.3d 1039, 1042–43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson,* 440 F.2d 13, 14 (9th Cir. 1971).

## II.     Jurisdiction

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States or custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(a), (c)(1), (3).

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction or sentence must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of his sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Hernandez v. Campbell,* 204 F.3d 861, 864–65 (9th Cir.2000). The scope of habeas review under § 2241 extends to both constitutional and statutory questions as well as to claims brought under the doctrine of equitable estoppel. *Barapind v. Reno,* 225 F.3d 1100, 1110 (9th Cir. 2000).

Here, Petitioner claims that he "needs today" attention for multiple health-care concerns: two surgeries, glasses, a hearing aid, dentures, and results of a medical exam. It appears that Petitioner is challenging how his sentence is being executed. Arguably, Petitioner is seeking relief that is available within the Bureau of Prisons.

A federal prisoner challenging the manner, location, or conditions of the sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998); *United States v. Tubwell,* 37 F.3d 175, 177 (5th Cir. 1994);

*Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 5 (2nd Cir. 1991); *United States v. Jalili,* 925 F.2d 889, 893–94 (6th Cir. 1991); *Barden v. Keohane,* 921 F.2d 476, 478–79 (3rd Cir. 1991); *United States v. Hutchings,* 835 F.2d 185, 186–87 (8th Cir. 1987); *Brown v. United States,* 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner fails to specify whether he brings a habeas claim under Section 2241 or 2255. However, because Petitioner is apparently challenging the conditions of the warden's execution of the Petitioner's federal sentence, the Court will construe his petition as proceeding under Section 2241.

### III.     Exhaustion of Administrative Remedies

As a "prudential matter," federal prisoners are generally required to exhaust available administrative remedies before bringing a habeas petition pursuant to 28 U.S.C. § 2241. *Huang v. Ashcroft,* 390 F.3d 1118, 1123 (9th Cir. 2004) (quoting *Castro–Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir. 1986).  The exhaustion requirement applicable to petitions brought pursuant to section 2241 is judicially created and is not a statutory requirement; thus, a failure to exhaust does not deprive a court of jurisdiction over the controversy. *Brown v. Rison,* 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds, Reno v. Koray,* 515 U.S. 50, 54–55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).  If a petitioner has not properly exhausted his or her claims, a district court in its discretion may either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court. *Brown v. Rison,* 895 F.2d at 535.

Factors weighing in favor of requiring exhaustion include whether 1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision, 2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme, and 3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the

need for judicial review. *Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 880–81 (9th Cir.2003) (citing *Montes v. Thornburgh,* 919 F.2d 531, 537 (9th Cir. 1990)).

Exhaustion may be excused if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or would cause irreparable injury. *Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 925 (9th Cir. 1993); *United Farm Workers of America v. Arizona Agr. Emp. Rel. Bd.,* 669 F.2d 1249, 1253 (9th Cir. 1982). Failure to exhaust administrative remedies may be excused where an official policy of the BOP requires denial of the claim. *Ward v. Chavez,* 678 F.3d 1042, 1045–46 (9th Cir.2012).

Here, it is unclear whether Petitioner has properly exhausted his administrative remedies. Indeed, it is unclear what Petitioner's claims are. The petition has inadequate factual detail, argument, and legal support for any claims is absent. However, even assuming for the purpose of further analysis that Petitioner's claim is properly brought in a petition pursuant to 28 U.S.C. § 2241, the petition should be dismissed. When a petitioner in a proceeding pursuant to § 2241 does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused. *Leonardo v. Crawford,* 646 F.3d 1157, 1160 (9th Cir. 2011). There is nothing before the Court that indicates that administrative remedies would be futile or would cause any irreparable injury, or that administrative exhaustion should be excused. If Petitioner has not yet proceeded with any available administrative remedies, this precludes the need for judicial review. Further, the Court is mindful that relaxation of the exhaustion requirement would encourage the deliberate bypass of the administrative remedy scheme. For these reasons, the Court concludes that the instant petition must be dismissed.

**IV.  Amending the Petition**

The Court will grant Petitioner leave to file a first amended petition to cure the deficiencies. Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed

petition form with adequate factual detail, a clear recitation of the claims, rights asserted, a plain statement of Petitioner's prayer for relief, and clear information related to whether Petitioner sought review of his claims with the BOP) within the allotted time will result in dismissal of the petition and termination of the action.  Petitioner is also advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.  Finally, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

## V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S .C. § 2253(c)(1)(A); *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Habeas Rule 11(a).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. *Id.* An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. *Miller–El v. Cockrell,* 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

## VI.     Conclusion and Order

Accordingly, it is **HEREBY ORDERED** that:

1. The petition for writ of habeas corpus is **DISMISSED** with leave to amend;
2. Petitioner is **GRANTED THIRTY (30) DAYS** from the date of service of this Order to file an amended petition in compliance with this Order; and
3. The Clerk of the Court is **DIRECTED** to send Petitioner a form petition pursuant to 28 U.S.C. § 2241.

IT IS SO ORDERED.

Dated:   **July 17, 2014**                         **/s/ Sandra M. Snyder**
                                                                UNITED STATES MAGISTRATE JUDGE