# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRYSON,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER, WARDEN,<br><br>    Respondent. | Case No. 1:14-CV-00710-SMS (HC)<br><br>ORDER DISMISSING PETITION.<br><br>(Doc. 6) |

Petitioner William Bryson is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.  Both parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in a writing signed and filed by Petitioner on June 5, 2014 (Doc. 4), and by Respondent on October 7, 2014 (Doc. 8).  *See* 28 U.S.C. §636(c)(1); Local Rule 305(b).

On May 12, 2014, Petitioner filed the above-entitled action ("the Petition") and a motion to proceed *in forma pauperis*.  Doc. 1.  On May 13, 2014, the undersigned rendered an order granting Petitioner's motion.  Doc. 3.  On July 18, 2014, the Court rendered its order dismissing the Petition with leave to amend for failure to exhaust available state court remedies, failure to articulate a claim, and ordering Petitioner to submit an amended complaint within thirty (30) days.  Doc. 5.

1

The Court also directed the Clerk of Court to send Petitioner the proper form petition for a Section 2241 claim to cure a defect in his original petition.  *Id.*  The order warned Petitioner that failure to comply as directed might result in the dismissal of this action for failure to state a claim.  *Id.*  To date, Petitioner has not filed an amended complaint, nor responded to the Court's order in any other way.  On September 2, 2014, the Magistrate Judge issued an Order to Show Cause ("OSC") directing Petitioner to file a written response to the Court showing cause why the case should not be dismissed within fifteen (15) days of the Court's order.  Doc. 6.  Further, the undersigned explicitly gave Petitioner notice that failure to do so would result in the dismissal of the action without further notice pursuant to Local Rule 110 and Federal Rules of Civil Procedure Rule 11.  *Id.*  To date, Petitioner has failed to respond to the OSC or take any action in the case and has failed to show good cause therefor.

## I.  DISCUSSION

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders.  *See* FED.R.CIV.P. 41(b); *Link v. Wabash R.R.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Ghazali v. Moran,* 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992), *cert. denied,* 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King,* 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal without prejudice for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service,* 833 F.2d 128, 130–31 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules); *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986) (holding that district courts have the inherent

power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal."). In keeping with that principle, Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen,* 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik,* 963 F.2d at 1260-61 (failure to comply with court orders).

This Court finds that the first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal because Petitioner has not amended his complaint nor filed a response to the OSC, and has not otherwise communicated with the Court regarding this matter. The Court cannot indefinitely await a petitioner's response to the Court's directives. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as the undersigned has already cautioned Petitioner of the consequences of failing to prosecute this action and afforded him the opportunity to do so, and as Petitioner has not responded, no sanction lesser than dismissal is viable. There is no reason to expect this Petitioner will "respond more

satisfactorily to [an additional] round" of opportunities to comply with the Court's orders than he has previously. *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 948 (9th Cir. 1993).

## II.  CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S .C. § 2253(c)(1)(A); *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Miller–El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  *Id.*  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  *Miller–El,* 537 U.S. at 338.

4

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that dismissal is warranted. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's habeas action, May 12, 2014 (Doc. 1), is **DISMISSED** pursuant to Local Rule 110, for Petitioner's failure to respond to or otherwise comply with the Magistrate Judge's September 2, 2014 Order to Show Cause.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

As nothing remains for the Court to resolve, **IT IS FINALLY ORDERED** that the case is **CLOSED**.

IT IS SO ORDERED.

Dated:   **October 9, 2014**               /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE